UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

CHRISTY COUNCE,

    Plaintiff,

vs.

RAINBOW ENTERTAINMENT, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, CHRISTY COUNCE (hereinafter "Plaintiff"), is a female residing in Pasco County, Florida.

2. At all times material to this Complaint, Defendant, RAINBOW ENTERTAINMENT, INC., a Florida Profit Corporation (hereinafter "REI") operated in Pasco County, within the jurisdiction of this Court, and has provided lodging and amenities to the gay community throughout the area.

3. Plaintiff was an employee of REI and brings this action against Defendant for violations of Equal Pay Act, 29 U.S.C. §206(d) *et seq*., the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §207 et seq.,

4. Jurisdiction is conferred on this Court by 29 U.S.C. §206(d) & §216(b) and 28 U.S.C. §1337.

5. All of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

6. At all times material to this Complaint, REI was an "employer" within the meaning of 29 U.S.C. §203(d).

7. At all times material to this Complaint, REI was an "enterprise" within the meaning of 29 U.S.C. §§203(s)(1)(B) and (s)(1)(C).

8. More specifically, at all times material to this Complaint including but not necessarily limited to during the years 2016, 2017, and 2018, REI had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including but not necessarily limited to during the years 2016, 2017, and 2018, REI employed two (2) or more employees who, *inter alia*, regularly handled and worked and/or sold goods and/or materials moved in or produced for commerce including, by way of example: (a) computers, copy machines, scanners, and telephones, all of which were goods and/or materials moved in or produced for commerce; (b) commercial office supplies—including but not limited to paper, pens, and UPS, and FedEx—that were goods and/or materials moved in or produced for commerce; and (c) regularly processed bank and/or other electronic transfers.

9. Based upon information and belief, the annual gross sales volume of REI has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2016, 2017, and 2018.

10. At all times material to this Complaint including but not necessarily limited to during the years 2016, 2017, and 2018, REI was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s).

11. On June 6, 2016, Plaintiff was hired by REI in the position of Reservations Clerk.

12. Plaintiff, was hourly paid at the rate of $8.00 per hour and regularly worked more than forty (40) hours per week.

13. Plaintiff was not paid time and one half her regular rate of pay for all hours worked over forty (40) per week, and instead, was paid nothing for such hours.

14. Defendant hired male Reservations Clerks and paid them $10.00 per hour, despite them having the same, or lesser qualifications, than Plaintiff.

15. Defendant violated the EPA in that it paid Plaintiff less per hour for all hours worked at the rate of $2.00 or more less per hour.

16. Assuming Plaintiff's hours to be approximately forty-five (45) per week, Plaintiff is owed at least $90.00 per week in equal wages X 140 weeks remaining in her statute, for a total of $12,600.00 in unliquidated wages, and $25,200.00 in liquidated damages.

17. As to Plaintiff's overtime damages, Plaintiff estimates she is owed five (5) hours of overtime per week at $12.00 per hour ($8.00 X 1.5) totaling $60.00 owed per week X 140 weeks remaining in her statute, for a total of $8,400.00 in unliquidated damages, and $16,800 in liquidated damages.

18. Based upon information and belief, the complete records of all of the wages paid by REI to Plaintiff and the similarly situated male employees between June 2016 and October 2018, and the present are in the possession, custody, and/or control of Defendant.

## **COUNT I – WAGE VIOLATIONS OF THE EQUAL PAY ACT**

Plaintiff reasserts and reaffirms the allegations of Paragraphs 1 through 18 as if fully set forth herein and further states that this is an action against Defendant for violations of the Equal Pay Act, 29 U.S.C. §206 *et seq*.

19. The Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.* applies to employers and enterprises engaged in interstate commerce including not for profit organizations such as REI. 29 U.S.C. §§203(d), (s)(1)(B) and (s)(1)(C).

20. The Equal Pay Act (EPA) is incorporated into the FLSA at 29 U.S.C. §206 and provides:

"No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex/gender by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex/gender in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to

(i) a seniority system;

(ii) a merit system;

(iii) a system which measures earnings by quantity or quality of production; or

(iv) a differential based on any other factor other than sex/gender: *Provided*, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee."

29 U.S.C. §206(d)(1).

21. Between June 2016 and August 2018, Plaintiff worked as an hourly paid Reservations Clerk.

22. During this time, Plaintiff's performance of her assigned duties required Plaintiff to exercise similar skill, effort and responsibility as male employees who were similarly situated and/or performed the same or similar positions and/or duties.

23. During this time, REI willfully paid Plaintiff less wages than similarly situated male employees of Defendant because of Plaintiff's sex/gender, female, for equal work which Plaintiff performed for Defendant, in violation of 29 U.S.C. §206(d)(1).

24. During this time, REI willfully violated the EPA and FLSA, 29 U.S.C. §206(d)(1), by intentionally paying Plaintiff less wages than similarly situated male employees of Defendant, because of Plaintiff's sex/gender, female, for equal work which Plaintiff performed for REI in comparison to similarly situated male employees of Defendant.

25. REI's violations of 29 U.S.C. §206(d)(1) were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States of America.

26. Plaintiff has suffered and continues to suffer loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of REI's violations of 29 U.S.C. §206(d)(1).

27. With every pay period that occurred between June 2016 and August 2018, REI paid Plaintiff less wages than similarly situated male employees of Defendant, in violation of 29 U.S.C. §206(d)(1).

28. Each paycheck Plaintiff received from REI between June 2016 and August 2018 constituted a current and/or continuing violation of the FLSA and the EPA.

29. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to an award of liquidated damages from REI in an amount equal to all wages, salary, and other compensation wrongfully denied to or lost by Plaintiff by reason of Defendant's violation of 29 U.S.C. §206(d)(1).

30. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from REI all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the EPA and FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant, for back pay, employment benefits, other compensation including bonuses, liquidated damages, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT II – OVERTIME VIOLATIONS OF THE FLSA

Plaintiff reasserts and reaffirms the allegations of Paragraphs 1 through 18 as if fully set forth herein and further states that this is an action against Defendant for violations of FLSA's overtime provisions.

31. Defendant violated Title 29 U.S.C. §207 in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular

6

rate for ALL hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

        c.    Defendant failed to maintain proper time records as mandated by the FLSA in that Plaintiff worked certain hours that Defendant failed to record as hours worked.

32.    Prior to the filing of this lawsuit, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

33.    Prior to the filing of this lawsuit, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

34.    Prior to the filing of this lawsuit, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

35.    Based on the allegations in Paragraphs 32-34 above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

36.    During her employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

37.    Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

38.    Defendant failed to pay Plaintiff time and one half for all hours worked in excess of forty (40) per week in violation of the FLSA.

39. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

40. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

41. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant(s):

a. Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest; and

f. Ordering any other further relief, the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.


Dated: October 25, 2018.

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*